# EXHIBIT B

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JOHN C. ROBINSON, AND<br>JUDY J. ROBINSON, | CIVIL DIVISION |
| Plaintiffs, | CASE NO. GD-15-020251 |
| v. | Code: |
| USX FEDERAL CREDIT UNIION,<br>VINCENT LABARBERA, and<br>AMERICAN RECOVERY CORP., | **COMPLAINT IN CIVIL ACTION** |
| Defendants. | FILED ON BEHALF OF:<br>John C. Robinson, and<br>Judy J. Robinson, Plaintiffs<br><br>COUNSEL OF RECORD FOR PARTY:<br><br>Brian C. Thompson, Esquire<br>Pa. I.D. No. 91197<br><br>THOMPSON LAW GROUP, P.C.<br>Penn Center East<br>125 Warrendale-Bayne Road, Suite 200<br>Warrendale, PA 15086<br>Telephone:  724-799-8404<br>Facsimile:   724-799-8409 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| John C. Robinson and Judy J. Robinson, | ) |
| Plaintiffs, | ) |
| v. | ) No. GD 15-020251 |
| USX Federal Credit Union, Vincent LaBarbera, and American Recovery Corp., | ) |
| Defendants. | ) |

## COMPLAINT IN CIVIL ACTION

AND NOW come Plaintiffs, by and through their counsel, Brian C. Thompson, Esquire, Thompson Law Group, P.C., and file the within Complaint in Civil Action, as follows:

1. Plaintiffs are John C. Robinson and Judy J. Robinson ("the Robinsons"), husband and wife, who currently reside at 211 Daricandro Road, Mt. Pleasant, Pennsylvania, 15666.

2. Defendant USX Federal Credit Union ("USX") is a corporation with a principal place of business located at 1293 Freedom Road, P.O. Box 1728, Cranberry Township, Pennsylvania, 16066.

3. Defendant Vincent LaBarbera ("LaBarbera") is an adult individual residing at 593 Arbor Lane Pittsburgh, Pennsylvania 15236.

4. Defendant American Recovery Corp. ("American Recovery") is a corporation with a principal place of business located at 1227 Lyles Blvd., McKeesport, Pennsylvania, 15132.

5. On February 24, 2014, Plaintiffs purchased a 2006 Chevrolet Equinox, funded by USX, who retained a security interest in said vehicle.

6. At some time prior to June 26, 2015, USX alleged that Plaintiffs defaulted under the terms of their repayment agreement. In response, Mrs. Robinson contacted USX advising that the account would be brought current on her payday of June 26, 2015, to which USX agreed was acceptable.

7. Under the terms of the aforesaid agreement, upon the Plaintiffs' default, Defendant USX Federal Credit Union was given the right to repossess the property without judicial process if it could be done so without breach of the peace.

8. Subsequent to the Plaintiffs' alleged default, USX contracted with American Recovery for the purpose of repossessing Plaintiffs' 2006 Chevrolet Equinox in return for the payment of a fee.

9. Thereafter, American Recovery either employed or subcontracted with LaBarbera to physically obtain possession of Plaintiffs' 2006 Chevrolet Equinox.

10. At no time did any of the Defendants obtain or possess a Court Order permitting them to repossess Plaintiffs' 2006 Chevrolet Equinox.

11. On or about June 26, 2015 at approximately 8:50 a.m. Plaintiff Judy Robinson was driving the 2006 Chevrolet Equinox, and pulled the vehicle into the driveway located at her residence.

12. A tow truck driven by LaBarbera pulled in the driveway behind Mrs. Robinson LaBarbera exited the tow truck, and, using profanities, told Mrs. Robinson to get out of the car because it was being repossessed.

13. Mrs. Robinson requested LaBarbera to produce identification, as well as documentation to verify his authority to take possession of the 2006 Chevrolet Equinox. LaBarbera declined the request, telling Mrs. Robinson that the police were looking for her.

14. Plaintiff was fearful for her safety, and attempted to drive through her yard, but was blocked from doing so when LaBarbera jumped in front of her vehicle.

15. LaBarbera again stated to Mrs. Robinson that the police were looking for her for driving the vehicle illegally without insurance.

16. When Mrs. Robinson leaned over to remove her insurance card from the glove compartment to prove that she did in fact have insurance, LaBarbera took that opportunity to attempt to jump into the vehicle through the driver's side window, striking Mrs. Robinson with his body.

17. While partially through the window, LaBarbera then attempted to grab the keys from the ignition, and while doing so forcefully struck Mrs. Robinson's chest with his elbow.

18. Mrs. Robinson pleaded with the LaBarbera that she was having chest pains followed by his striking one of the leads connected to her heart while she was wearing a heart monitor. His response was to speak further profanities, yelling for her to flee the vehicle.

19. LaBarbera then grabbed her right arm, attempting to stop her from putting the vehicle in the drive position. Nonetheless, Mrs. Robinson used her left arm to put the vehicle into gear, at which time Defendant jumped out of the window, allowing her to escape LaBarbera's control.

20. LaBarbera immediately returned to his tow truck and followed Mrs. Robinson for 45 minutes, during which time Mrs. Robinson remained on the phone with 911 dispatch seeking help. Mrs. Robinson was instructed by 911 emergency dispatch to pull into the parking lot of

Frick Hospital, where she met a Pennsylvania State Trooper who had been monitoring her drive via the 911 call.

21. Despite this incident, LaBarbera was later seen with his tow truck near the Robinson's property.

22. That as the result of all the acts of LaBarbera described herein, Mrs. Robinson suffered physical and mental injuries and damages as more fully set forth below.

23. All of the acts of LaBarbera alleged in this complaint were performed in his capacity as agent for both American Recovery and USX, and were done in an attempt to repossess the Robinson's 2006 Chevrolet Equinox.

24. USX and American Recovery are vicariously liable for all of the acts of LaBarbera alleged in this complaint pursuant to the doctrine of respondeat superior.

25. That all of the acts of LaBarbera alleged in this complaint were performed in his capacity as agent and/or subagent of USX and American Recovery.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT(FCEUA) 73 P.S. § 2270.1 et. seq. AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et. seq.

26. Plaintiffs incorporate by reference each and every prior allegation and fact as though fully restated and alleged.

27. Defendant USX is a creditor, and the remaining Defendants are debt collectors as defined by 73 P.S. § 2270.4 of the FCUEA.

28. Plaintiffs are consumers as defined by 73 P.S. § 2270.4 of the FCUEA.

29. Since Defendant USX had agreed to accept payment on June 26, 2015, as well as the refusal of Mrs. Robinson to permit the vehicle to be repossessed, the Creditor had no right to possession of the vehicle.

30. All of the contacts with Plaintiffs by Defendants were communications relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

31. The aforementioned acts of Defendants constitute numerous and multiple violations of FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), evidenced by the following conduct:

    A. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    B. The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

  C. Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

  D. The use of false representation or deceptive means to collect a debt or obtain information about a consumer; and

  E. The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

32. Defendants' aforementioned acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to surrender the vehicle or otherwise pay the debt.

33. As a result of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally for:

  A. Actual damages;

  B. Statutory damages;

  C. Costs, disbursements and reasonable attorney's fees;

  D. Treble damages; and

  E. For such other relief as this court may deem just and proper.

## COUNT II – BREACH OF PEACE IN VIOLATION OF MOTOR VEHICLE SALES FINANCE ACT

34. Plaintiffs incorporate by reference each and every prior allegation and fact as though fully restated and alleged.

35. Defendants' conduct in the attempt to repossess Plaintiffs' vehicle was done without legal process.

36. Defendants' conduct in attempt to repossess Plaintiffs' vehicle was done in an extremely malicious and extraordinary manner so as to breach the peace, all in violation of the mandates of the Motor Vehicle Sales Finance Act.

37 As a result of Defendants' extreme and outrageous conduct, Plaintiff Judy Robinson has suffered severe physical and emotional distress, including but not limited to:

  A. Severe physical injuries including chest wall contusions, tenderness from chest to center of back, and shortness of breath;

  B. Extreme stress, anxiety and mental anguish; and

  C. Mental anguish and loss of sleep, appetite and ability to sleep over the brutal treatment Plaintiff experienced.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against each of the Defendants, jointly and severally, for:

  A. Compensatory damages;

  B. Punitive damages;

  C. Costs and disbursements; and

  D. Such other and further relief as this Court may deem just and equitable.

### COUNT III – INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiffs incorporate by reference each and every prior allegation and fact as though fully restated and alleged.

39. Defendants' conduct was malicious and intentional in the attempted repossession of Plaintiffs' vehicle.

40. Defendants knew or should have known that the natural consequence of their acts as described in this complaint would be to inflict severe physical, emotional and psychological distress upon Plaintiff.

41. As a result of Defendants' extreme and outrageous conduct, Plaintiff Judy Robinson has suffered severe physical and emotional distress, including but not limited to:

  A. Severe physical injuries including chest wall contusions, tenderness from chest to center of back, and shortness of breath;

  B. Extreme stress, anxiety and mental anguish; and

  C. Mental anguish and loss of sleep, appetite and ability to sleep over the brutal treatment Plaintiff experienced.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against each of the Defendants, jointly and severally, for:

  A. Compensatory damages;

  B. Punitive damages;

  C. Costs and disbursements; and

      D.      Such other and further relief as this Court may deem just and equitable.

## COUNT IV – ASSAULT

42. Plaintiffs incorporate by reference each and every prior allegation and fact as though fully restated and alleged.

43. Defendants, directly or vicariously, intended to cause and did cause harmful contact with Plaintiff Judy Robinson.

44. Mrs. Robinson did not consent to the acts of Defendants.

45. As a result of Defendants' extreme and outrageous conduct assaulting Mrs. Robinson, Plaintiff Judy Robinson has suffered severe physical and emotional distress, including but not limited to:

      A.      Severe physical injuries including chest wall contusions, tenderness from chest to center of back, and shortness of breath;

      B.      Extreme stress, anxiety and mental anguish; and

      C.      Mental anguish and loss of sleep, appetite and ability to sleep over the brutal treatment Plaintiff experienced.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against each of the Defendants, jointly and severally, for:

      A.      Compensatory damages;

      B.      Punitive damages;

      C.      Costs and disbursements; and

      D.      Such other and further relief as this Court may deem just and equitable.

## COUNT V – FALSE IMPRISONMENT

46. Plaintiffs incorporate by reference each and every prior allegation and fact as though fully restated and alleged.

47. Defendants, directly or vicariously, intended to cause and did cause the restriction of Mrs. Robinson's freedom of movement

48. Mrs. Robinson did not consent to the acts of Defendants.

49. As a result of Defendants' extreme and outrageous conduct intentionally restricting the freedom of movement of Mrs. Robinson, Plaintiff Judy Robinson has suffered severe physical and emotional distress, including but not limited to:

  A. Severe physical injuries including chest wall contusions, tenderness from chest to center of back, and shortness of breath;

  B. Extreme stress, anxiety and mental anguish; and

  C. Mental anguish and loss of sleep, appetite and ability to sleep over the brutal treatment Plaintiff experienced.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against each of the Defendants, jointly and severally, for:

  A. Compensatory damages;

  B. Punitive damages;

  C. Costs and disbursements; and

  D. Such other and further relief as this Court may deem just and equitable.

## COUNT VI– LOSS OF CONSORTIUM

50. Plaintiffs incorporate by reference each and every prior allegation and fact as though fully restated and alleged.

51. Plaintiff John C. Robinson, as a result of the aforesaid negligent, careless and reckless conduct of Defendants either directly or vicatriously, has lost the companionship, consortium, society and services of his wife, Judy Robinson, to his great personal detriment and loss.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against each of the Defendants, jointly and severally, for:

  A. Compensatory damages;

  B. Punitive damages;

  C. Costs and disbursements; and

  D. Such other and further relief as this Court may deem just and equitable.

           Respectfully submitted,

           s/Brian C. Thompson
           Brian C. Thompson, Esquire
           Attorney for Plaintiffs

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| John C. Robinson and Judy J. Robinson, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. GD 15-020251 |
| USX Federal Credit Union, Vincent LaBarbera, and American Recovery Corp., | ) ) ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Complaint in Civil Action was served by U.S. First Class mail, postage pre-paid, on March 22, 2016, upon the following:

Cathy R. Gordon
LITCHFIELD CAVO LLP
One Gateway Center, Suite 600
420 Fort Duquesne Blvd.
Pittsburgh, PA 15222
(412) 291-8241
Attorneys for Defendant
USX FEDERAL CREDIT UNION

Vincent LaBarbera
593 Arbor Lane
Pittsburgh, PA 15236

American Recovery Corp.
1227 Lyles Blvd.
McKeesport, Pennsylvania, 15132

Date 3/22/2016                              s/Brian C. Thompson
                                            Brian C. Thompson, Esquire
                                            Attorney for Plaintiffs